UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00003-GNS

BRIAN OF THE FAMILY BOYD                                                              PLAINTIFF

v.

CHILD SUPPORT DIVISION, et al.                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (DN 4) and Defendants' Motions to Dismiss (DNs 6, 7). These matters are now ripe for adjudication. For the reasons that follow, Defendants' motions are **GRANTED**, and Plaintiff's motion is **DENIED**.

### I.     BACKGROUND

#### A.    Statement of Facts

Plaintiff Brian of the Family Boyd ("Boyd") initiated this 42 U.S.C. § 1983 action, *pro se*, alleging violation of his rights under the United States Constitution and Kentucky state law. (Compl. 1, DN 1). Although Boyd provides sparse details of the facts giving rise to these alleged violations, the root of Boyd's complaints appears to be a decision of the Warren County Child Support Division ("CSD") that Boyd be required to pay $462 in child support based on Boyd's voluntarily acknowledgment of paternity.[1] (Compl. 8; Defs.' Mot. Dismiss 2, DN 8). Boyd claims that he repeatedly sought a hearing on his case before the CSD, but that all such requests were ignored. (Compl. 8). Boyd generally alleges that, in connection with the CSD decision, the named

---

[1] Boyd does clarify, however, that "this is not a complaint about a judgment or decree for financial support for his offspring . . . ." (Compl. 4).

1

defendants each "engaged in an act of collusion that deprived Boyd of his rights . . . ." (Compl. 10-14). Finally, Boyd refers extensively throughout the Complaint to the role of the named defendants in performing "IV-D enforcement functions," which appears to refer to 42 U.S.C. Ch. 7. Subch. IV, Pt. D of the Social Security Act—a federal statutory scheme meant to assist states to collect child support, establish paternity, locate absent parents, and help families obtain support orders. *See* 42 U.S.C. §§ 651-669b; *Blessing v. Freestone*, 520 U.S. 329, 333-34 (1997).

B.   **Procedural History**

On January 3, 2020, Boyd filed a Complaint pursuant to 42 U.S.C. § 1983 alleging numerous violations of his constitutional rights by the CSD, Warren County, Warren County Sheriff's Department, Warren Circuit Court Division III, Brandi Duvall, Jenilyn Hall, Judge David Lanphear, and Warren County Child Support Enforcement Services (collectively, the "Defendants").[2] (Compl. 1). On that same day, Boyd moved for a preliminary injunction prohibiting Defendants from enforcing Kentucky Revised Statute ("KRS") 205.710. (Pl.'s Mot. Prelim. Inj., DN 4). Defendants have moved to dismiss Boyd's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Defs.' Mots. Dismiss, DNs 6, 8). Defendants responded to Boyd's motion for a preliminary injunction, and Boyd replied. (Defs.' Resps. Pl.'s Mot. Prelim. Inj., DNs 9, 10; Pl.'s Reply Defs.' Resps. Mot. Prelim. Inj., DN 16). Boyd responded to the motions to dismiss, and Defendants replied. (Pl.'s Resps. Defs.' Mots. Dismiss, DN 11, 12; Defs.' Reply Mot. Dismiss, DN 15). On February 3, 2020, Boyd supplemented the Complaint with its

---

[2] The Complaint does not clarify whether the individual Defendants are being sued in their individual or official capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc) ("When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings to determine whether" the defendant has been notified of the potential for personal liability). Boyd later clarifies, however, that the individual Defendants "did act in performance of the IV-D contract in independent capacities and not as officers or employees . . . ." (Pl.'s Resp. Defs.' Mot. Dismiss 3, DN 12).

20th exhibit, Exhibit T, which includes documentation concerning actions in divisions of both Warren Circuit Court and Edmonson Circuit Court. (Compl. Supp., DN 13).[3] These matters are now ripe for decision.

## II. <u>JURISDICTION</u>

The Court has subject matter jurisdiction over this action via federal question under 42 U.S.C. § 1983 and supplemental jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1331, 1367(a).

## III. <u>STANDARD OF REVIEW</u>

In order to survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Even so, the Court need not accept a party's "bare assertion of legal conclusions." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citation omitted). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Complaints drafted by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citations omitted). Even so, the Court's "duty to be 'less

---

[3] A redacted version of this exhibit is available at DN 17-1.

stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *Cope v. Jefferson Cty. Circuit Court*, No. 3:15-CV-P254, 2015 WL 5437130, at *2 (W.D. Ky. Sept. 15, 2015) (quoting *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)).

## IV.     **DISCUSSION**

Defendants' motions to dismiss contend, first, that many of the Defendants are immune from suit and, second, that any remaining claims fail to provide sufficient factual allegations to state a claim for relief under Fed. R. Civ. P. 12(b)(6). (Defs.' Mem. Supp. Mot. Dismiss 2, DN 6-1; Defs.' Mot. Dismiss 2, DN 8). Defendants similarly argue that Boyd has failed to articulate sufficient reasons why he is entitled to a preliminary injunction. (Defs.' Resps. Pl.'s Mot. Prelim. Inj. 1-2, DNs 9, 10).

### A.     **Immunity**

First, Defendant Judge David Lanphear ("Judge Lanphear") is a family court judge for Warren County, Kentucky, and is therefore entitled to immunity, regardless of whether is being sued in his official or individual capacity. (Defs.' Mot. Dismiss 4, DN 8). An official capacity suit against a state judge is barred by the Eleventh Amendment, and an individual capacity suit is barred by absolute judicial immunity for acts committed within the judge's judicial capacity.[4] *Bennett v. Thorburn*, 843 F.2d 1390, 1988 WL 27524, at *1 (6th Cir. 1988) (citations omitted). "State judges enjoy absolute immunity from liability under 42 U.S.C. § 1983 . . . even where a judge acts corruptly or with malice." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (citing *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)). A judge is not immune, however, under

---

[4] The Supreme Court has made clear that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (citation omitted).

4

two circumstances: (i) "for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; and (ii) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). As noted, the facts giving rise to the present claim are entirely unclear. As such, Boyd has not demonstrated that Judge Lanphear acted in a non-judicial way or without jurisdiction. Furthermore, insofar as the Boyd's complaints arise from an adverse child support decision, KRS 23A.100(1)(d) provides that family courts have jurisdiction over cases dealing with "[m]aintenance and support." As such, Judge Lanphear was performing a judicial function and acting within his jurisdiction. He is therefore entitled to absolute immunity from this suit.

Second, Boyd names as Defendants both Warren Circuit Court Clerk Brandi Duvall ("Duvall") and Warren Circuit Court, Division III. (Compl. 3). Insofar as Boyd's claim against Duvall is against her in her official capacity, this claim, as well as any claim against the Warren Circuit Court, are barred by the doctrine of sovereign immunity.[5] "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. It is a suit against the State itself." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (alteration in original) (citations omitted) (internal quotation marks omitted). The state is, in turn, immune from suit under the Eleventh Amendment. *Id*. (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Moreover, a "state, its agencies, and its

---

[5] Even if Boyd intended to sue Duvall in her individual capacity, this claim also fails. To assert a proper Section 1983 claim, the plaintiff must show that the named defendant was personally involved in the alleged unconstitutional conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Boyd here has alleged no specific actions taken by Duvall that are relevant to his claim, beyond stating that she "engaged in an act of collusion that deprived Boyd of his rights . . . ." (Compl. 12). This vague statement is insufficient to serve as a basis for personal liability.

officials may not be sued in their official capacities for damages in federal court . . . ." *Cope*, 2015 WL 5437130, at *2 (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).

Duvall, as the Warren Circuit Court Clerk, is considered a "state officer[] whose duties are coextensive with the Commonwealth . . . ." KRS 30A.010(2). The Warren Circuit Court is, similarly, a subdivision of the Commonwealth of Kentucky. *See* Ky. Const. § 112; KRS 23A.100. Any suit against Duvall is technically a suit against her employer, Warren Circuit Court, which is an instrumentality of the Commonwealth of Kentucky. Therefore, Duvall and Warren Circuit Court, as an employee and a political subdivision of the Commonwealth of Kentucky, respectively, are immune insofar as Boyd seeks monetary relief from the Defendants. *See Tapp v. O'Nan*, No. 4:18-CV-P133, 2019 WL 3938480, at *3 (W.D. Ky. Aug. 20, 2019) ("Plaintiff's claims against the Henderson Circuit Court are barred by the Eleventh Amendment and must be dismissed for seeking monetary relief from a Defendant immune from such relief." (citations omitted)); *Tinsley v. Henderson Cty. Det. Ctr.*, No. 4:16-CV-P27, 2016 WL 4626257, at *2 (W.D. Ky. Sept. 1, 2016) (same) (citations omitted); *Cope*, 2015 WL 5437130, at *2 (holding that the Jefferson Circuit Court Clerk's Office and the Circuit Court Clerk were immune from Section 1983 claims); *Baltierra v. Fayette Circuit Court*, No. 5:13-CV-398, 2013 WL 6706002, at *2 n.2 (E.D. Ky. Dec. 18, 2013) ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity."); *see also Carman v. Burlew*, No. 4:15-CV-P114, 2016 WL 324545, at *2 (W.D. Ky. Jan. 26, 2016) (following *Cope*).

Because Judge Lanphear, Duvall, and Warren Circuit Court are all immune from suit, the claims against them are dismissed.

B. **Failure to State a Claim**

The remaining Defendants—Child Support Division, Warren County, Warren County Sherriff's Department, Jenilyn Hall ("Hall"), and Warren County Child Support Enforcement Services—all argue that Boyd has failed to plead sufficient facts to state a claim for relief. (Defs.' Mot. Dismiss 1, DN 6). As an initial matter, the Child Support Division, the Warren County Sherriff's Department, and the Warren County Child Support Enforcement Services[6] all operate as part of the government of Warren County. Hall is identified by the Complaint as a "case manager," presumably with the Child Support Division, so it seems she is an employee of Warren County for official capacity purposes.[7] *See Russell*, 784 F.3d at 1046. Since all remaining Defendants are sub-entities or employees of Warren County, the county itself is therefore the proper Defendant for the Court to consider here.[8] *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint." (citations omitted)); *Tinsley*, 2016 WL 4626257, at *3 (construing claims against the Henderson County Detention Center as against Henderson County); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal

---

[6] The Complaint identifies this Defendant as Warren County Child Support Enforcement Services, Inc., but there is no indication that this entity is a private company rather than part of the Warren County Attorney's office.

[7] Insofar as Boyd's claim is made against Hall in her individual capacity, it fails for the same reason that Boyd's claim against Duvall fails. Boyd has failed to allege any facts personally implicating Hall in any purported constitutional violation. *See Grinter*, 532 F.3d at 575.

[8] Boyd seems to acknowledge this conclusion in stating that "[e]ach one of Boyd's valid claims are brought against the Warren County (corporation), because all actors are County staff, employees, contracted judges, Magistrates, clerks of court, sheriff department, county attorney, and any other County agency or official . . . ." (Pl.'s Resp. Defs.' Mot. Dismiss 8, DN 11).

Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Because the claims against Child Support Division, the Warren County Sherriff's Department, the Warren County Child Support Enforcement Services, and Hall are all duplicative of the claim against Warren County itself, those claims are dismissed.

Next for consideration are Boyd's allegations against Warren County. "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Rather, a plaintiff must show that the alleged injury occurred as a result of an official policy or custom. *Id*. at 694. As such, to demonstrate liability, a plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Boyd has not pleaded any facts to suggest that a specific policy or custom of Warren County deprived him of any constitutional right. To the contrary, the Complaint tends to list rights—e.g., his status as a man, right to be free, right to be equal, right to be independent, etc.—and then claim in a conclusory fashion that such rights were violated by Defendants. (Compl. 8). One of Boyd's few specific allegations was that he was not given notice of the legal consequences of signing a voluntary paternity acknowledgment, in violation of 42 U.S.C. § 666(a)(5)(C)(i). (Compl. 8-9). He does not, however, clarify when he signed an acknowledgment, who asked him to sign the acknowledgment, or that Warren County has a policy or custom of failing to provide notice about the legal consequences of signing the acknowledgment. He similarly contends that the CSD disclosed his social security card name and number, but he does not clarify to whom it

was disclosed, whether this disclosure was improper, and how it in any way caused him harm. (Compl. 10).

Boyd next contends that 45 C.F.R. § 302.34[9] proves that Warren County has a policy or custom that deprived him of his constitutional rights. This regulation, however, merely sets forth guidelines on how the State should establish cooperative arrangements with local law enforcement to support child support cases. Boyd does not explain how the existence of this federal regulation demonstrates an unconstitutional policy or custom on the part of Warren County, nor can this Court conceive of any way how Boyd could persuasively make such an argument. While a *pro se* Complaint must be liberally construed, it is not the Court's function to fill in the legal and factual gaps needed to save Boyd's claims. Finally, in one of Boyd's responses, he states that the Defendants are "seeking to make as much money as possible." (Pl.'s Resp. Defs.' Mot. Dismiss 3, DN 12). A response is not a pleading, however, nor does Boyd provide any facts to support this conclusory allegation. *See* Fed. R. Civ. P. 7(a) (listing allowed pleadings).

Beyond the assertions discussed above, the Complaint repeatedly opines that each Defendant colluded to deprive him of his rights. These allegations, however, are completely devoid of facts. Without more, Boyd has failed to state a claim against Warren County or any of the Defendants. Boyd's claim against Warren County is dismissed.

C. **Preliminary Injunction**

Boyd also requests a preliminary injunction "prohibiting Defendants from enforcement of Kentucky Child Support Revised Statute § 205.710 . . . ." (Pl.'s Mot. Prelim. Inj. 1). This provision of KRS merely provides definitions applicable to KRS 205.712-205.800, and does not

---

[9] The Complaint references to 42 CFR § 302.34, but the relevant provision is actually 45 CFR § 302.34.

itself impose any obligations or duties on the parties. Boyd's motion is more properly read as taking issue with KRS 205.710-205.800, which together establish the Kentucky Department for Income Support, Child Support Enforcement in the Cabinet for Health and Family Services. *See* KRS 205.712. Regardless, Boyd has failed to show that he is entitled to a preliminary injunction.

> A district court must consider four factors in determining whether to issue a preliminary injunction: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (citation omitted). For all of the reasons already discussed, Boyd has not demonstrated a strong likelihood of success on the merits. Moreover, insofar as his Complaint is based on his duty to pay child support, he has not established irreparable harm. To the contrary, enjoining such an order would presumably harm the recipient of the award and enjoining the entire statutory scheme would undoubtedly harm the public as a whole. As displayed by the comprehensive Title IV-D scheme that involves federal, state, and local government, the enforcement of child support awards is clearly in the public interest. As such, Boyd has not demonstrated that he is entitled to a preliminary injunction.

Finally, to the extent Boyd requests this Court to enjoin the child support award of the Warren Circuit Family Court, any such attack would be barred by the *Rooker-Feldman* doctrine. *See Evans v. Cordray*, 424 F. App'x 537, 538 (6th Cir. 2011) ("In general, *Rooker-Feldman* precludes 'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments . . . .'" (citation omitted)). For this reason, Boyd's requested relief is denied.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (DN 4) is **DENIED**, and Defendants' Motions to Dismiss (DNs 6, 7) are **GRANTED**. As such, Boyd's claims against Child Support Division, Warren County Sheriff's Department, Warren Circuit Court, Brandi Duvall, Jenilyn Hall, Judge David Lanphear, Warren County Child Support Enforcement Services, and Warren County are all **DISMISSED**. As all remaining claims are dismissed, the Clerk is directed to strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 31, 2020

cc: counsel of record
Brian of the Family Boyd, *pro se*